O. O. BRAKKE v. F. W. HOSKINS, Appellant, *et al.*

**Judgment: COLLATERAL ATTACK:** *Injunction.* A judgment was rendered against a garnishee, conditioned that it should be satisfied by his turning over all property of the principal, remaining in garnishee's hands, after satisfying his own claims. He began action to vacate the judgment and enjoin execution sale under it, asserting that garnishee never had such property to turn over. *Held,* such action is a direct attack on such judgment.

CONSTRUCTION OF STATUTE. The vacation of such judgment is not in violation of Iowa Code, section 2522, providing that an ordinary judgment shall not be annulled or modified, except for a defense, which has arisen or been discovered since the judgment was rendered, since such relief is within the exception stated therein.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

FRIDAY, MAY 15, 1896.

THE defendants, other than Hoskins, are the sheriff and the clerk of the court in Buena Vista county. September 18, 1893, the defendant Hoskins, obtained a judgment before a justice of the peace in said county, for one hundred and twenty-five dollars, against one Hansen, and also a conditional judgment against this plaintiff, for the same amount, as garnishee; the condition being that the judgment should be satisfied by the garnishee's turning over to the constable all the

property in his hands, or under his control, to be applied to the judgment against Hansen, after satisfying the liens of the garnishee. On the twenty-ninth of November, 1893, the justice who entered the judgment, notified plaintiff to appear on the twenty-eighth of the month, and show cause why execution should not issue on the judgment. Plaintiff made default, and an order was entered by the justice, that execution issue. From this order the plaintiff in this suit appealed to the district court, and in that court the cause was finally dismissed, at the costs of Hoskins. On the twenty-seventh of March, 1894, and again, on the first of September, 1894, Hoskins took a transcript of the judgment from the justice, and filed it in the office of the clerk of the district court of Buena Vista county; and on the fifteenth day of November, 1894, the clerk of .the district court issued an execution thereon, by virtue of which the sheriff has seized the plaintiff's property, and is about to sell the same to satisfy the judgment. The foregoing facts appear from the petition, and it is further averred, that at the time of the issuance and levy of the execution, the judgment against the plaintiff had been fully satisfied, by the plaintiff's having turned over the property in his possession, or under his control, as required by the judgment, "from the fact that he had not then, and never had, any such property in his possession, above his claims." Other facts are pleaded to show the invalidity of the judgment, which we need not notice. The petition asks that the judgment be vacated, and that the defendant be enjoined from further attempts to collect it, with other relief. To the petition there was a demurrer, which the court overruled, and entered a decree vacating the judgment and enjoining its collection, from which the defendant appealed.— *Affirmed.*

*F. F. Faville* and *James De Land* for appellant.

*C. L. Ward* and *F. H. Helsell* for appellee. .

GRANGER, J.—I.   With our view of the case, a
number of questions may be eliminated.   The judg-
ment entered against the plaintiff, as garnishee, was
conditional, and made to depend upon whether, after
his claim against Hansen was satisfied, he would have
property in his hands, ' or under his control, to
be turned over to the constable.   If, after his
claims were paid, he had property left, belong-
ing to Hansen, the judgment would be satisfied by
turning it over.   If, after the satisfaction of his claims,
no. property was left, then the condition upon which
he was to become a judgment debtor, had failed.   The
judgment entry against him as garnishee, is not to be
construed so as to render him liable for the Hansen
judgment, unless he is in default for a failure to
deliver Hansen's property, as the court directed.   That
direction was, that he should turn over what remained
after his claims were satisfied.   If none remained, of
course, there was nothing to turn over.   If we make
the proper inference from the facts pleaded, as to the
rule on plaintiff to show cause before the justice why
execution should not issue, it was to settle the condi-
tional feature of the judgment, and make the right to
execution for its enforcement absolute, or, upon his
showing, to deny the right to execution, and avoid the
judgment thereby.   The final adjudication in that pro-
ceeding was against the right to an execution, which
authorizes an inference that the district court found
against his liability on the 'judgment.   But, however
that, may be, it is pleaded in the petition in this case,
that the conditional judgment was satisfied by his
compliance with the judgment to turn over property,
in that, none remained to turn over.   These facts are

admitted by the demurrer, and are conclusive of the rights of defendants to enforce the judgment. It seems to us, that the proposition is not open to doubt.

II.    It is thought, by appellant, that this proceeding cannot be maintained, because of the provisions of Code, section 2522. It is there said: "Judgment obtained in an action by ordinary proceedings, shall not be annulled or modified by an order in an action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered." This proceeding is clearly within the exception stated. It is a defense to the judgment which has arisen since the judgment was entered. It presents facts transpiring since that time,—a satisfaction, in effect, of the judgment,—or perhaps, in more accurate terms, it is a showing, that the facts on which the conditional judgment was to become absolute, never existed.

III.    Again, it is said, that it is a collateral attack on a judgment. We think not. It assails the judgment directly, to cancel it of record. That is the purpose of the suit. The other relief follows, as a legal consequence. The question of the validity of the judgment settles the entire rights of the parties. The judgment below is AFFIRMED.